*142 OPINION of the Court, by
Judge Trimble.
At trjai Qf ⅛’13 cause ⅛ the circuit court a verdict was reudered for the defendant; whereupon the plaintiff moved the court for a new trial upon the four following gr0Unds ; 1st. That the verdict was against law. 2dly. That the verdict was rendered against the evidence, 3dly. That the special bail was sworn as a witness for defendant. 4thlv. That the defendant had treated . ' . , r the jury. I ins motion was continued tor argument until the next day ; at which time the plaintiff moved the colirt that he might be permitted to assign, as an additional ground for a new trial, that he had been taken by surprise upon the trial, (to which he offered to be sworn) in the following manner, to wit; that a material witness for him had left the state previous to the preceding term, and had not since returned, whereby he had lost the be-nep?t 0f testimony ; and that another material witness, whom he named, had been attending the court in. the morning before the trial came on, and had, without tjje knowledge of the plaintiff, crossed the Ohio and left the state ; that the plaintiff had not discovered his absence until after the jury was sworn ; and that then j sent after him, but that he was sick and could not - return*
The circuit court were of opinion, that the plaintiff’s omiS5ion j0 the ground of surprise on the precetU *143 Ing day, when the motion for a new trial was made* precluded him from afterwards availing himself of it, it being then within his knowledge ; and they refused to hear the motion on the ground of surprise for that reason : and also, (among other reasons assigned by the court,) because the introduction of a new ground at that time might tend to surprise the defendant; and because an affidavit, stating the facts intended or expected to be proved by the absent witnesses, ought to have been regularly made out and produced, which was not done. To this opinion of the court the plaintiff excepted, and the bill of exceptions in substance sets forth the circum. stances and the reasoning of the court as before noticed.
ne,*u tr;ai°rare moved, fuffi. ^ent lf)true» judgmentwith-out hearing the motlot>>& with, ⅛ '0° fatfehood of ⅞⅛™ and the caufe remanded) iow t0 ¡¡ear ,⅛ on the caufes ftatsd-
It will be sufficient for this court to observe, that we are of opinion the circuit court did right, under the circumstances set forth, in refusing to hear the additional ground of surprise, for the reasons assigned by that court. Regularly, the party moving for a new trial ought to file, in writing, the grounds of his application ; and none other then in his knowledge ought afterwards to be heard. And had the case stopped here, we would affirm the judgment: but, by another bill of exceptions, afterwards filed by the plaintiff, it appears, that after the court refused to permit the additional ground of surprise to be assigned, the plaintiff moved the court to permit him to proceed with his motion for a new trial, upon the four grounds first taken by him ; but the court refused to permit him to proceed, and would not hear the motion for a new trial upon the grounds first taken, unless the plaintiff would waive his former bill of exceptions ; which he refused to do : and the court proceeded to give judgment on the verdict for the defendant.
This latter opinion of the court was unquestionably erroneous. The plaintiff having excepted to the opinion of the court, because they would not permit him to assign an additional ground for a new trial, could no® deprive him of the right of being heard upon those stated when the motion was first made. He had a right to the opinion of an appellate court on the point, and therefore ought not to have been required to waive his bill of exceptions. It need only be further remarked, that the first, second and fourth grounds assigned for a new trial were, if true, clearly such as entitled the plaintiff to a new trial. The court by rendering judg- *144 Unent oti the verdict for the defendant, without hearing the plaintiff on those grounds, virtually overruled them, without regard to their truth or falsehood.
Decree reversed ; and the cause remanded to the court from whence it came, with directions to hear and determine the motion of the plaintiff for a new trial upon the grounds at first stated by him.